IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAROLYN BEAL, individually and
on behalf of all others similarly
situated                                                                                        PLAINTIFF

v.                                     Case No. 4:14-CV-04079

OLD RELIABLE CASUALTY COMPANY                                          DEFENDANT

**OPINION AND ORDER**

Currently before the Court are Defendant Old Reliable Casualty Company's ("ORCC") motion for summary judgment (Doc. 8), Plaintiff Carolyn Beal's response (Doc. 12), ORCC's reply (Doc. 14), and the parties' supporting documents. The issue is whether the case should be allowed to proceed into the initial phases of discovery following ORCC's explanation of its depreciation calculations applied to Beal's insurance claim. For the reasons discussed below, ORCC's motion for summary judgment (Doc. 8) is DENIED without prejudice.

**I.      Background**

For the purpose of considering the instant motion, the Court assumes the following facts to be true: Beal contracted with ORCC for an insurance policy covering losses to a dwelling and other structures. For losses covered under the policy, ORCC was to reimburse the "actual cash value"—the total cost of repair minus depreciation. In May 2009, Beal sustained a covered loss to her dwelling, which ORCC confirmed. Following an inspection of the damage, ORCC calculated the initial cost of repair as $2,573.05. Pursuant to Beal's policy, ORCC then subtracted the $200.00 deductible and accounted for an additional $463.40 in depreciation costs, resulting in a net payment of $1,909.65 to Beal.

The dispute in this case focuses on ORCC's method of calculating depreciation costs. Beal argues that ORCC improperly included labor costs in its depreciation calculations. ORCC denies the allegation and, in support of its motion for summary judgment, has provided screenshots of digital company records purporting to show that only material costs were depreciated.  Beal argues that the complete lack of discovery so far in this litigation has hindered her ability to fully address ORCC's arguments in support of its motion, and she seeks, at minimum, to be provided with some opportunity for discovery.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Court must review the facts in the light most favorable to the nonmovant and give that party the benefit of any inferences that can logically be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602, 606 (8th Cir. 1999).  Once the movant has met its burden, the nonmovant must present specific facts showing a genuine issue of material fact for trial. *Matsushita*, 475 U.S. at 587.  To show a genuine issue of material fact, the nonmovant must produce evidence "such that a reasonable jury could return a verdict for the [nonmovant]." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Rule 56(d)[1] "authorizes a district court to defer considering a motion for summary judgment

---

[1] Effective December 1, 2010, Federal Rule of Civil Procedure Rule 56(f) was recodified without substantial change as Rule 56(d).

if a party opposing the motion 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Chambers v. Travelers Companies, Inc.*, 668 F.3d 559, 568 (8th Cir. 2012) (quoting Fed. R. Civ. P. 56(d)). The purpose of Rule 56(d) is to "provide an additional safeguard against an improvident or premature grant of summary judgment." *United States ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002). As the Eighth Circuit has noted, the rule "should be applied with a spirit of liberality." *Id.* "Although discovery does not have to be completed before a court can grant summary judgment, summary judgment is proper only after the nonmovant has had adequate time to engage in discovery." *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999). In addition, "[w]hen relevant information is entirely within one party's control, discovery requests must be enforced to ensure that the other party has access to adequate information to respond to a motion for summary judgment." *Iverson v. Johnson Gas Alliance Co.*, 172 F.3d 524, 531 (8th Cir. 1999).

**III. Discussion**

The Court finds that ORCC's motion for summary judgment should be denied without prejudice. Beal has had no opportunity to conduct any discovery, as ORCC filed its motion for summary judgment only four days after filing an answer. In addition, the bulk of the evidence relied upon by ORCC to support its motion for summary judgment is in ORCC's exclusive control. Not affording Beal some opportunity to conduct discovery presents an unreasonable risk of prematurely granting ORCC's motion for summary judgment—a risk that rule 56(d) aims to prevent. *Casino Magic Corp.*, 293 F.3d at 426. Here, Beal has filed a declaration under Rule 56(d) (Doc. 12, Ex. 1). Though the declaration is lacking in some details, it specifies factual areas in which further discovery would allow Beal to better respond to ORCC's motion for summary judgment. Taking all of this

information into consideration with the liberal spirit with which Rule 56(d) is to be applied, the Court concludes that the declaration is sufficient to meet the standard of Rule 56(d) and to allow the parties to proceed with discovery.

Although the Court declines to grant summary judgment at this time, the Court's denial is made without prejudice to ORCC's ability to refile its motion in the future—after the Rule 26(f) conference and after discoverable information has been exchanged between the parties. Given the detailed information and calculations already provided by ORCC, Beal's discovery efforts should be focused on swiftly determining whether she can confirm or further contest ORCC's detailed arguments.

**IV.  Conclusion**

For all of the reasons set forth above, IT IS ORDERED that Defendant's motion for summary judgment (Doc. 8) is DENIED without prejudice.

IT IS SO ORDERED this 26th day of August, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U. S. DISTRICT JUDGE